Bennett v. Commercial Coll. of Asheboro, Inc., 2016 NCBC 24.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 7444

AMANDA BENNETT and ERNEST
BROOKS on behalf of themselves and all
others similarly situated,

          Plaintiffs,

v.

COMMERCIAL COLLEGE OF
ASHEBORO, INC. d/b/a BROOKSTONE
COLLEGE OF BUSINESS, F. JACK
HENDERSON III, and MARLENE
HENDERSON,

          Defendants.

ORDER APPROVING DISMISSAL

{1}    **THIS MATTER** is before the Court *sua sponte* to review a settlement agreement and determine whether the parties are entitled to the dismissal stipulated to by all parties in the March 3, 2016 Stipulation for Order of Dismissal.

{2}    Plaintiffs Amanda Bennett and Ernest Brooks (collectively, the "Named Plaintiffs") asserted class action claims against Defendants Commercial College of Asheboro, Inc. d/b/a Brookstone College of Business, F. Jack Henderson, III, and Marlene Henderson (collectively, "Defendants") in their Amended Complaint arising out of the closing of Brookstone College of Business. Defendants sought dismissal of some of the claims, and the Court held a hearing on the Partial Motion to Dismiss on December 11, 2015. The parties engaged in a mediated settlement conference on January 28, 2016, reached a settlement on all issues, and filed the Stipulated Dismissal seeking dismissal of all claims with prejudice.[1]

{3}    For reasons explained below, the Court ordered Plaintiffs to submit certain information regarding the terms of the settlement before giving effect to the stipulated dismissal. With the Court's leave, Plaintiffs submitted the requested

---

[1] The Court does not view as suspect that the parties reached a settlement while the Court's decision on a motion to dismiss was pending. The Partial Motion to Dismiss sought dismissal only of Plaintiffs' tort claims; the case would have moved forward on Plaintiffs' contract claims regardless of the Court's decision.

materials for the Court's review *in camera*. Having reviewed the requested materials, the Court **CONCLUDES** that the voluntary dismissal of this action with prejudice is proper.

> *The Googasian Firm, P.C., by Dean Googasian and Thomas Howlett, and Mike Lewis Attorneys, by Michael J. Lewis, for Plaintiffs Amanda Bennett and Ernest Brooks.*
>
> *James, McElroy & Diehl, P.A., by John R. Buric, John S. Arrowood, and Jon P. Carroll, for Defendants Commercial College of Asheboro, Inc. d/b/a Brookstone College of Business, F. Jack Henderson III, and Marlene Henderson.*

Bledsoe, Judge.

{4} With a decision on Defendants' Partial Motion to Dismiss pending, the parties engaged in a mediated settlement conference, reached a settlement on all issues, and filed the Stipulated Dismissal, purporting to dismiss all claims with prejudice. This arrangement is different from most pre-certification settlements of class actions in the Business Court; often, the Court certifies a class for settlement purposes and contemporaneously approves the terms of the settlement under the guidance of N.C. R. Civ. P. 23. *See, e.g., In re PokerTek Merger Litig.*, 2015 NCBC LEXIS 10 (N.C. Super. Ct. Jan. 22, 2015); *In re Harris Teeter Merger Litig.*, 2014 NCBC LEXIS 47 (N.C. Super Ct. Sep. 24, 2014). *See also Ehrenhaus v. Baker*, 216 N.C. App. 59, 717 S.E.2d 9 (2011) (affirming in part and reversing in part Business Court's class certification and settlement approval order, reversing only for further factual findings as to attorney's fees).

{5} Although this matter never reached the class certification stage, at which point Rule 23(c) operates to give notice, and ensure the fairness, of any settlement to all class members, our appellate case law nevertheless places certain limits on voluntary dismissals of purported class action complaints. Because a plaintiff filing a class action demonstrates a willingness to take on the responsibilities of a class representative, "putative class members may rely on the named plaintiff's stated intentions to represent the class. Under such circumstances, trial courts have a duty to assure that putative class members will not be prejudiced, procedurally or

otherwise, by voluntary dismissal of the class-action complaint." *Moody v. Sears, Roebuck & Co.*, 191 N.C. App. 256, 269–70, 664 S.E2d 569, 578–79 (2008) ("*Moody I*").[2] The Court therefore must make a limited inquiry to determine "(a) whether the parties have abused the class-action mechanism for personal gain, and (b) whether dismissal will prejudice absent putative class members." *Id.* Plaintiffs will be entitled to a voluntary dismissal if neither of these concerns is present. *Id.*

{6}     In implementing this mandate, this Court (Tennille, J.) has previously set forth the "procedures that counsel must follow in pre-certification class actions assigned to Special Superior Court Judges for Complex Business Cases when a plaintiff who has assumed a fiduciary duty by filing a class action subsequently files a voluntary dismissal." *Moody v. Sears, Roebuck & Co.*, 2008 NCBC LEXIS 14, at *3 (N.C. Super. Ct. Aug. 6, 2008) ("*Moody II*"). *See also Thomas Cook Printing Co. v. Subtle Impressions, Inc.*, 2008 NCBC LEXIS 18 (N.C. Super. Ct. Oct. 24, 2008) (applying *Moody II* to a pre-certification voluntary dismissal); Order on Joint Motion for Approval of Pre-Certification Voluntary Dismissal, *Keister v. Nat'l Council of the YMCA of the U.S.*, No. 12 CVS 1137 (N.C. Super. Ct. Apr. 12, 2013).

{7}     Here, the Court required counsel to submit:

> [A] statement of (1) the reason for dismissal, (2) the personal gain received by Plaintiffs in any settlement, (3) a statement of any other material terms of the settlement, specifically including any terms which have the potential to impact class members, (4) a statement of any counsel fees paid to Plaintiffs' counsel by Defendants, and (5) a statement of any agreement by Plaintiffs restricting their ability to file other litigation against any Defendant. Plaintiffs' counsel shall also file a statement either detailing any potential prejudice to putative class members or representing to the Court that no prejudice exists.

(Order ¶ 5, Mar. 7, 2016) (citing *Moody II* at *4). In this case, where the factual record has not been developed beyond the Amended Complaint's allegations that the class comprised "hundreds of adults" who paid Defendants "millions of dollars," (Am. Compl. ¶¶ 22, 51), these procedures are necessary to "provide the supervision

---

[2] This duty arises not from N.C. R. Civ. P. 23(c), but from the broad discretion afforded to trial courts in matters pertaining to class action lawsuits. *Moody I* at 578, 191 N.C. App. at 268.

and transparency encouraged by the Court of Appeals with respect to class action litigation." *Moody II* at \*10–11.

{8} Having reviewed the requested statement and a copy of the settlement agreement submitted by Plaintiffs' counsel, the Court concludes that the parties have not abused the class action process for personal gain and that dismissal will not prejudice putative class members.

{9} Abusive practices in class action litigation include defendants avoiding class action certification by buying off named plaintiffs or plaintiffs coercing unusually generous individual settlements from defendants. *Moody I* at 269, 664 S.E.2d at 578 (citing 5 Moore's Federal Practice § 23.64[2][a] (3d ed. 2008)). Those scenarios are not present here. The decision to settle was motivated by a lack of assets sufficient to create a common fund for a class action. The terms of the settlement agreement reflect this; Plaintiffs' counsel did not receive attorney's fees and the Named Plaintiffs received modest consideration totaling less than $10,000.

{10} As for the potential impact of the settlement agreement on putative class members, the settlement agreement provides that the release and the dismissal with prejudice apply only to the Named Plaintiffs. The claims of other putative class members are neither released nor dismissed.

{11} The Court therefore concludes that the parties are entitled to a dismissal.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

{12} The settlement agreement is appropriate and not prejudicial to absent putative class members; and

{13} The Named Plaintiffs' claims are hereby **DISMISSED** with prejudice as to Defendants, each party to bear their own costs, expenses, and attorney's fees.

**SO ORDERED**, this the 22nd day of March, 2016.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases